### GERALD v. GERALD.

1. Findings of fact by the master, concurred in by the Circuit Judge, approved.
2. A debtor in failing circumstances may prefer his wife, if she be a *bona fide* creditor, provided there is no intent to hinder, delay, or defraud other creditors, and no benefit is reserved to himself as a consideration of the preference.
3. There is nothing in the constitution (art. XIV., § 8), that prohibits a husband from making a gift to his wife, provided he does not thereby affect the rights of existing creditors.

Before WITHERSPOON, J., Kershaw,  September, 1887.

The opinion states the case.

REP.]                    November Term, 1887.

*Mr. J. T. Hay*, for appellant.

*Mr. C. L. Winkler*, contra.

April 7, 1888.   The opinion of the court was delivered by

MR. JUSTICE MCIVER.   The sole question raised by this appeal is as to the validity of the mortgage, which the plaintiff by this action seeks to foreclose.   The facts as found by the master, whose findings are fully concurred in by the Circuit Judge, are substantially as follows:   Sometime in 1876 the defendant, William C. Gerald, being then solvent and out of debt, bought a house and lot in the town of Camden, and had the same conveyed to the plaintiff, his wife.   On October 1, 1882, the plaintiff took out a policy of fire insurance on the house, and when the same was destroyed by fire in the fall of that year the amount of the insurance was paid to her, which amount (two thousand dollars) she loaned to her husband, the defendant, William C. Gerald, with an understanding that the same was to be repaid with interest.   She, however, did not then take any note or other obligation for this money, but on December 14, 1885, the defendant, William C. Gerald, finding himself in failing circumstances, executed the bond and mortgage upon which this action is based, and on January 2, 1886, the day after suit was commenced against William C. Gerald by the defendants, Witte Bros., the mortgage was duly recorded.

The master also finds that between the date of the lending of the money by the plaintiff to her husband, January 25, 1883, and the time of the execution of the bond and mortgage given to secure the payment thereof, the said William C. Gerald had made sundry payments for his wife, which, however, did not aggregate a sum equal to the interest on the money loaned, and he finds distinctly that the bond and mortgage were executed in good faith to secure the re-payment of the money loaned, and not with a view to hinder, delay, or defraud the creditors of said William C. Gerald, and with no understanding or agreement by which he was to receive any benefit, as a consideration for the preference given to the plaintiff.   The findings of fact by the master, concurred in by the Circuit Judge, must, under the well settled rule, be

accepted here, unless they are without evidence or contrary to the manifest weight of the testimony. So far from this being the case we think an examination of the testimony set out in the "Case" will show that the conclusions of the master, if the witnesses are to be believed, of which we see no reason to doubt, are fully supported by the testimony.

This, it seems to us, is conclusive of the case, for it is well settled, in this State at least, that a debtor, even when in failing circumstances (except in cases falling under the assignment act), may prefer one of his creditors by mortgage, provided such mortgage is given to secure the payment of a *bona fide* debt, and provided also that there is no intent to hinder, delay, or defraud other creditors; and, we may add, provided there is no agreement that the debtor is to secure any benefit to himself, as a consideration of such preference. *Maples* v. *Maples, Rice Ch.,* 300; *Thorpe* v. *Thorpe,* 12 *S. C.,* 154; *Magovern & Co.* v. *Richard,* 27 *Id.,* 272; *Lamar* v. *Pool,* 26 *Id.,* 441.

Appellant contends that such a transaction, between husband and wife, as is here brought in question, is forbidden by the proviso to section 8, art. XIV., of the Constitution, declaring "that no gift or grant from the husband to the wife shall be detrimental to the just claims of his creditors." In answer to this it would be sufficient to say that the bond and mortgage, here brought in question, was neither a gift nor a grant from the husband to the wife, but was simply a security for the repayment of money which he had borrowed from her. But in addition to this, we do not think that the clause of the constitution relied on was inserted for the purpose contended for; but that its object was to prevent any inference that might possibly otherwise be drawn from the preceding provisions of the section, that property acquired by the wife from her husband, *in any way,* even by gift or voluntary conveyance, should not be subject to the payment of his debts. For it will be observed that the language used in the previous part of the section is very general and sweeping. "The real and personal property of a woman, held at the time of her marriage, or that which she may thereafter acquire, either *by gift,* grant, inheritance, *devise,* or otherwise, shall not be subject to levy and sale for her husband's debts." This language, unquali-

fied, might have warranted the conclusion that property *given* to the wife by an insolvent husband in his life-time, or *devised* to her by his will, could not be subjected to the payment of his debts. Hence the necessity for the qualification found in the proviso to the section.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.